INHABITANTS OF BOYLSTON *vs.* INHABITANTS OF GROTON.

Proof that a citizen, in the town in which he dwelt and had his home, was assessed five successive years for estate, personal and real, of which he was " possessed on the first day of May," the value of which was set by the assessors at not less than twelve dollars, and that he had an estate in fee in said real estate during the last two of said years, does not raise a presumption that he had so much as an estate for years in the real estate during any of the other years, and is not therefore such evidence of his having acquired a settlement in that town, under *St.* 1793, *c.* 34, § 2, or Rev. Sts. *c.* 45, § 1, *cl.* 5, as will exempt another town, in which his father had a settlement, from liability for his support.

ACTION OF CONTRACT to recover for the support of a pauper The parties stated a case, the substance of which is in the opinion.

*C. Allen & H. C. Rice*, for the plaintiffs.

*N. Wood & B. Russell*, for the defendants.

METCALF, J. There can be no doubt that a jury would be warranted, by the evidence in this case, to find that Joseph Sawtell, the grandfather of the pauper, had a settlement in Groton. Indeed, the defendants' counsel have not made any question on this point. The only question raised by them is, whether Zachariah Sawtell, who originally derived a settlement from Joseph, afterwards acquired a settlement in Boylston. If he did, the settlement of his son Benjamin, the pauper, is in that town ; otherwise, it is in Groton.

The ground taken by the defendants is, that Zachariah Sawtell gained a settlement in Boylston, in the fifth mode provided by *St.* 1793, *c.* 34, § 2, (Rev. Sts. *c.* 45, § 1, *cl.* 5,) by having an estate in that town, where he dwelt and had his home, the income of which estate was set at twelve dollars at least, in the valuation of estates made by the assessors, and being assessed for the same for the space of five years successively. The evidence is, that he dwelt and had his home in Boylston from the year 1796 till 1805, and that, from 1797 to 1803 inclusive, he was there assessed for estate, real and personal, the income of which was set by the assessors at a sum equal to or exceeding twelve dollars. Three fourths of the estate, from which this estimated income was derived, was real, and one fourth personal. And we suppose that real and personal property united, if together of the yearly income of twelve dollars, would be sufficient, within the statute requisition. *Boston* v. *Dedham*, 4 Met. 178. But it does not appear, in this case, that the income, either of the real or of the personal estate, taken alone, was of the required amount. And as to real estate, it has long been settled, that under the clause in *St.* 1793, *c.* 34, on which the defendants rely, nothing less than an estate for years is sufficient. *Templeton* v. *Sterling*, 15 Mass. 253. *Southbridge* v. *Warren*, 11 Cush. 292. *Dover* v. *Brighton*, 2 Gray, 482. Now

the evidence does not show what estate Zachariah Sawtell had in the realty for which he was assessed for seven successive years. For two only of those years (1801 and 1802) does he appear to have been the owner of any estate in fee simple. And there is no legal presumption, on which the court can act, that he had a freehold, or even an estate for years, during any of the other seven years, rather than an estate at sufferance or at will. By the annual tax acts, from 1797 to 1803 inclusive, persons were to be taxed for the real estate of which they were " possessed on the first day of May ; " and provision was made for saving all agreements between landlords and tenants concerning taxes. Proof therefore of one's having been taxed for real estate during those years shows only that he was in possession thereof, which is not sufficient.

The plaintiffs, by their evidence that Joseph Sawtell had a settlement in Groton, have made a *prima facie* case against the defendants ; the legal presumption being, in the absence of evidence to the contrary, that Zachariah retained his father's settlement. It is therefore incumbent on the defendants to rebut that presumption by satisfactory evidence that Zachariah gained a settlement in some other town. *Dover* v. *Brighton*, 2 Gray, 482. This they have not done. And Benjamin, the pauper, not being shown to have gained a settlement in his own right, follows the settlement of Zachariah, his father.

*Judgment for the plaintiffs.*